SHORTESS, Judge.
This damage suit brought by Vernon H. Jones (plaintiff) was based upon an accident which occurred on September 12,1978, in Livingston Parish when the end joint of plaintiff’s left middle finger was cut off by the revolving flywheel mechanism of a hay baler he and his brother Troy Jones were attempting to repair. The only defendants are Troy Jones and Southern Farm Bureau Casualty Insurance Company.[1] Plaintiff’s case was tried to a jury which returned a verdict in his favor for $15,625.00, and defendants have perfected this suspensive appeal.
Four specifications of error are urged by appellants: (1) the jury erred in finding Troy Jones negligent; (2) it erred in finding Vernon Jones free from negligence, and alternatively contributory negligence; (3) the court erred in failing to direct a verdict in favor of defendants; and (4) the jury erred in awarding plaintiff an excessive amount. We feel that the first specification of error is dispositive of the case.
The facts developed at trial indicate that plaintiff and defendant were both retired and lived on adjoining property; that they saw each other nearly every day; that appellant owned a New Holland hay baler whose knotting mechanism malfunctioned; *805 that plaintiff was familiar with his brother’s hay baler and had helped repair and operate it on past occasions; that on the day in question as the brothers attempted to diagnose the problem, plaintiff suggested that defendant go to the other end of the machine while he manually turned the flywheel; that plaintiff was turning the flywheel with his right hand, but unfortunately placed his left hand inside the open pitt-man arm area, and the end of his left middle finger was cut off as the flywheel revolved in its normal motion; that this area was normally protected by a guard or hood which covered the pittman assembly but the guard had been raised by defendant to facilitate seeing the moving parts; that at the time of the accident defendant was about five or six feet away from plaintiff at the knotter; that defendant could not see where plaintiff had placed his left hand and did nothing to activate any moving parts on the baler; that plaintiff was the only one moving the parts at the time his finger was injured; that at the time of the accident plaintiff was looking right at the opening and could or should have seen the flywheel as it revolved.
Plaintiff testified that he volunteered to help his brother on this occasion; that as his brother went to the knotter at the other end of the machine, he voluntarily began moving the flywheel; that he was not certain how many revolutions the flywheel made prior to the accident; and that he placed his entire left hand inside the opening. Plaintiff admitted that the flywheel was in view during the whole operation but that he did not notice it at the time. He also admitted that he was not looking exactly where his hand was and at what was going to happen to it at the time; that he had turned the flywheel on prior occasions but in most of those cases the hood was down. Plaintiff admitted, “I don’t think that my brother had done nothing wrong.” . The thrust of plaintiff’s case is that defendant was guilty of negligence in failing to warn him of the dangerous propensity of the hay baler, and in particular, about the raised guard that normally prohibits access to the pittman assembly. Plaintiff was as familiar with the hay baler and its operation as was his brother. He had performed on previous occasions the same task he was performing on the day in question. Plaintiff simply put his left hand down into the opening where he had never placed it before and then was in a position to watch the pittman arm revolve toward his hand and cut off the end of his finger. Defendant was at the other end of the baler and could not see what plaintiff had done with his left hand. Under the provisions of Civil Code Art. 2315, the burden of proof was on plaintiff to affirmatively show that his brother was guilty of fault which caused damage to him. He failed to do so and the findings by the jury that defendant was negligent were without any factual basis and were clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered herein dismissing plaintiff’s suit at his costs.
REVERSED AND RENDERED.

. The manufacturer of the hay baler was not joined as a defendant.